UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BONNIE BISHOP, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )    Civil No. 09-266-B-W |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant | ) |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal raises a single issue: whether the administrative law judge erred in concluding that she was engaged in substantial gainful activity at the relevant time. I recommend that the court affirm the decision.

The sequential evaluation process used by the commissioner, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), to evaluate SSD claims, comes into play only briefly in this case, because the administrative law judge only reached the first of the five steps included in that process. The administrative law judge found, in relevant part, that the plaintiff had engaged in substantial gainful activity since her alleged onset date, Finding 2, Record at 14, that there had not been a 12-month period in which she had not engaged in substantial gainful activity, Finding 3, *id.* at 15, and that she had, therefore, not

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on April 2, 2010, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 4, *id*. The Appeals Council declined to review the decision, *id*. at 1-4, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).[2]

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

At Step 1 of the sequential review process, the plaintiff bears the burden of proving that she did not engage in substantial gainful activity during the period of alleged disability. *Bell v. Commissioner of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Field v. Chater*, 920 F. Supp. 240, 241 (D. Me. 1995), *called into doubt on other grounds*, *Seavey v. Barnhart*, 275 F.3d 1 (1st Cir. 2001). Work is considered "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). If a claimant is able to work at a substantial gainful activity level, the commissioner will find that she is not disabled. 20 C.F.R. § 404.1572.

---

[2] The plaintiff has apparently been awarded benefits beginning on November 29, 2007, the day after the date of the administrative law judge's decision in this case, as the result of a subsequent application, Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 17) at 1-2, making this case into a request for an award of benefits for a closed period, from the alleged onset date, January 1, 2006, through November 28, 2007.

**Discussion**

The evidence presented before and during the hearing before the administrative law judge included the plaintiff's employer's pay records, showing that she had received income above the level designated by regulation as constituting substantial gainful activity, Record at 14, which disqualifies an applicant for Social Security benefits. 20 C.F.R. § 404.1520(b). The plaintiff also presented her testimony and written statements from Melissa Lemik and Gloria Nutter to the effect that the plaintiff paid them cash for taking over some of her shifts at work. Record at 29-30, 150-51.[3] None of these witnesses provided any evidence concerning the amounts paid by the plaintiff for this work. The plaintiff testified that other, unidentified individuals had also "helped" her with her work. *Id*. at 30.

The plaintiff now contends that the administrative law judge was required to consider whether her work, or, at least, "the latter part of the work at issue here," constituted unsuccessful work attempts, Itemized Statement at 4, even though this possibility was not suggested by her at the time of the hearing. She suggests that her work, as she testified she performed it and without any indication that her employer was informed or approved of her use of substitute workers, was "performance of work under special conditions." *Id*. She cites Social Security Rulings 84-25 and 05-2[4] in support of her argument, *id*., but the former has been superseded by the latter, Social Security Ruling 05-2 ("SSR 05-2"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2009), at 311. My discussion, accordingly, concerns only the latter.

SSR 05-2 addresses "the policy . . . for determining whether substantial work activity that is discontinued or reduced below a specified level may be considered an unsuccessful work

---

[3] The plaintiff also submitted the handwritten statement of the mother of the child for whom she provided services through her employer, stating that the plaintiff had other people fill in for her once or twice a week with the mother's permission. Record at 152.

[4] The plaintiff cites "SSR 05-2p," Itemized Statement at 4, but there is no Social Security Ruling so designated. I assume the reference is meant to be to Social Security Ruling 05-2.

attempt[.]"  *Id*.  An unsuccessful work attempt, in Social Security regulatory parlance, is not considered as substantial gainful activity in connection with an application for benefits.  *Id*. at 312.  The concept is intended to provide "an equitable means, in making SGA [substantial gainful activity] determinations, to disregard relatively brief work attempts that do not demonstrate sustained SGA."  *Id*.  *See also* 20 C.F.R. § 404.1574(a)(1) & (c).  "[T]he regulations state that there must be a significant break in the continuity of your work before we will consider you to have begun a work attempt that later proved unsuccessful."  *Id*.

    The Ruling's policy statement provides as follows:

> For SGA determination purposes, your substantial work may, under certain conditions, be disregarded if it is discontinued or reduced to the non-SGA level after a short time because of your impairment, or the removal of special conditions related to your impairment that were essential to your further performance of the work.  The UWA criteria differ depending on whether your work effort was for "3 months or less" or for "between 3 and 6 months."  If your work attempt was "unsuccessful," we will not be precluded from finding that you are under a disability during the time that you performed that work.

*Id*.  The Ruling goes on to require the following:

> 1. Work Effort of 3 Months or Less:  Your work must have ended or have been reduced to the non-SGA level within 3 months due to your impairment or to the removal of special conditions related to your impairment that are essential to your further performance of work. . . .
>
> 2  Work Effort of Between 3 and 6 Months:  If your work lasted more than 3 months, it must have ended or have been reduced to the non-SGA level within 6 months due to your impairment or to the removal of special conditions . . . related to your impairment that are essential to your further performance of work and:
>    a. You must have had frequent absences from your work due to your impairment; or
>    b. Your work must have been unsatisfactory due to your impairment; or
>    c.  Your work must have been done during a period of temporary remission of your impairment; or
>    d. Your work must have been done under special conditions. . . .

> 3. Work Effort of Over 6 Months: Your SGA-level work lasting more than 6 months cannot be an UWA regardless of why it ended or was reduced to the non-SGA level.

*Id*. at 313-14.

The plaintiff relies, Itemized Statement at 4-5, on the following language from a subsequent paragraph of the Ruling:

> 5. Development of Reasons for Work Discontinuance or Reduction: When we consider why your work effort ended or was reduced to the non-SGA level, we do not rely solely on information from you. Therefore, if we do not already have impartial supporting evidence, we will seek confirmation from your employer.

SSR 05-2, at 314.

It is not necessary for the court to determine whether this paragraph imposes a duty on the administrative law judge to contact the employer of a claimant represented at the hearing by counsel experienced in Social Security law who does not mention the possibility of an unsuccessful work attempt to the administrative law judge, *see* Transcript, Record at 20-44, pre-hearing letter, *id*. at 146-47, and post-hearing letter to Appeals Council, *id*. at 155-56, because the plaintiff's work for her employer at the time of the hearing had been at the SGA level for more than 6 months. As the administrative law judge noted:

> The claimant's employer, Atlantic Home Health, has provided a monthly breakdown of wages paid to her for all months December 2003 through December 2005, inclusive. Earnings for all months clearly exceeded the applicable monthly SGA limit of $800 for 2003, $810 for 2004, and $830 for 2005. Thus, the claimant amended her onset date to January 1, 2006. However, she acknowledged that her monthly 2006 earnings were $37 over the presumptive limit of $860. Based on the claimant's estimated earnings of $11,000-12,000 for 2007, her monthly earnings would also exceed the monthly SGA level of $900 for this year. A pay stub for the period ending October 19, 2007 documents that the claimant had earned $11,792.35 to that point. . . .

Record at 14 (regulatory citations omitted). Clearly, the plaintiff had worked for this employer for more than six consecutive months, whether that period is measured from the start of her employment or from the alleged onset date. Thus, the "unsuccessful work attempt" option was not available to the plaintiff.[5] *See Kuenle v. Apfel*, No. CV-98-426-ST, 1999 WL 375589 (D. Ore. Apr. 5, 1999), at *10 ("SSR 84-25 . . . provides that if work activity is reduced below the substantial gainful activity earnings level in six months or less, it is generally considered to be an unsuccessful work attempt[.]"). *See also Gogan v. Astrue*, Civil No. 09-93-P-S, 2009 WL 5216062 (D. Me. Dec. 29, 2009), at *4.

Nor was the administrative law judge required to accept the plaintiff's testimony, even if "unrebutted,"[6] that her payments to Ms. Lemik and Ms. Nutter reduced her earnings to the sub-SGA level. She made little attempt to provide any evidence of the actual amounts paid to these individuals,[7] a basic evidentiary element of her argument. She and her substitutes are the only possible sources of this information. The administrative law judge in this case was not, as the plaintiff contends, "bas[ing] his decision on hunches and speculation." Itemized Statement at 6. Rather, he was basing it, at least in part, on the absence of necessary, accurate information solely within the knowledge of the plaintiff and her subcontractors.

On the showing made, the plaintiff is not entitled to remand.

---

[5] Even if the plaintiff had not worked more than six consecutive months at the SGA level for Atlantic Health, she would not have been able to invoke the "special conditions" alternative under SSR 05-2, because any "special conditions" were not discontinued by her employer. Rather, from all that appears, they were created, not discontinued, at the relevant time, and by the plaintiff herself without any notice to her employer.

[6] As counsel for the commissioner pointed out at oral argument, the administrative law judge was entitled to take note of the plaintiff's apparent failure to pay appropriate taxes on the funds she testified she paid to her subcontractors in his consideration of her credibility. *Berger v. Astrue*, 516 F.3d 539, 545-46 (7th Cir. 2008).

[7] At oral argument, the plaintiff's attorney cited the plaintiff's hearing testimony that she "guesstimat[ed]" that she paid her substitutes "probably 500 or so" in 2006, and in 2007 every week she was paying out "50 anyways." Record at 28-29. As counsel for the commissioner noted, crediting this testimony would bring the plaintiff's net income for 2006 below the threshold for substantial gainful activity, but not for 2007.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of May, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge